UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

CASPRINI GRUPPO INDUSTRIALE S.p.a.,

                        Plaintiff,

    - against -

KNOLL, INC.,

                        Defendant.

---------------------------------------------------------------------x

        "ECF CASE"

        04 CV 9787 (DLC)

        COMPLAINT FOR
        DECLARATORY
        JUDGMENT

        **PLAINTIFF**, Casprini Gruppo Industriale S.p.a.. (hereinafter "Casprini") hereby sets forth its Complaint against Defendant Knoll, Inc. (hereinafter "Knoll") and alleges as follows:

## NATURE OF THIS ACTION

        1.     This is an action for declaratory judgment and other relief arising out of Sections 32 and 43(a) and (c) of the federal Lanham Act (15 U.S.C. §§1114 and 1125(a) and (c)) for the purpose of declaring that Casprini's manufacturing, exportation into the U.S., sale, offering for sale, advertising, and distribution of reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table and the Flat Brno Chair do not infringe upon, violate or otherwise unfairly compete against any trademark or trade dress rights claimed by Knoll in connection with those furniture designs.

## PARTIES

        2.     Casprini, both directly and through its controlled subsidiaries (Naos S.r.l., B.R.F. S.r.l.. and Leatherform S.r.l.), manufactures, exports into the U.S., sells, offers for sale, advertises, and distributes reproductions of classics of modern furniture, including reproductions

of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table and the Flat Brno Chair. Attached as **Exhibit 1** are copies of those furniture designs. Casprini is a societa per aziona organized and existing under the laws of Italy with its headquarters at Via Carducci 6, 52022 Cavriglia (Arezzo), Italy.

3.     Knoll is a furniture manufacturer.  Upon information and belief, Knoll is a Delaware corporation with corporate headquarters at 1235 Water Street, East Greenville, Pennsylvania 18041.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331, 1338, 1367, and 2201(a).

5.     Knoll maintains a place of business within this judicial district and, therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

6.     There is a substantial and continuing justiciable controversy between Knoll and Casprini concerning Casprini's right to manufacture, export into the U.S., sell, offer to sell, advertise, and distribute reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table and the Flat Brno Chair created by Mies van der Rohe.  In its October 22, 2004 press release, Knoll stated that unauthorized reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table and the Flat Brno chair "will be considered infringements of the Knoll registered trademarks and will subject the infringer to damages and product impoundment."  In addition, Knoll asserted that "we will be working with U.S. Customs to stop unauthorized imports from reaching this country."  As a result of such threats, Casprini's

- 2 -

related companies have lost sales of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table and the Flat Brno chair.

## FACTS
## REGARDING THE CLAIMS FOR DECLARATORY RELIEF

7.    Ludwig Mies van der Rohe was a well-known architect.  In 1928, Mies van der Rohe designed the German Pavilion for the 1929 Barcelona International Exhibition.   The German Pavilion was one of Mies van der Rohe's most well-known architectural designs.  In addition to designing the German pavilion, Mies van der Rohe designed the furniture featured inside the pavilion.   Those furniture designs, have, over the years, come to be known as "Barcelona" style furniture (*e.g.*, "Barcelona chair", "Barcelona table", "Barcelona stool", or "Barcelona couch").

8.    The term "Barcelona" has, over the many years since the 1929 Barcelona International Exhibition, become the generic designation for the particular style of furniture designed by Mies van der Rohe for the German Pavilion.   The term "Barcelona" does not function, and for many years has not functioned, as an indicator of a single source.

9.    For many years, there have been numerous third-party manufacturers, importers, and retailers of the "Barcelona" style of furniture replicating the designs of Mies van der Rohe. The third-party importers, manufacturers, and retailers of such "Barcelona" style of furniture have long described the furniture being promoted, sold, and distributed as "Barcelona" chairs, ottomans, couches, or tables.

10.    Since at least as early as 1985, Casprini, through its controlled subsidiaries (such as Naos S.r.l., B.R.F. S.r.l., and Leatherform S.r.l.), has been continuously exporting, selling,

- 3 -

offering for sale, advertising, and distributing classics of modern furniture, including the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, the Flat Brno Chair.

11.    Despite the fact that Casprini and its subsidiary companies, as well as   other numerous third-party manufacturers and retailers, have been selling reproductions of the Barcelona style furniture designed by Mies van der Rohe throughout the United States, Knoll filed trademark applications, on October 22, 2003,   to register the configurations of the Barcelona Chair, Barcelona Ottoman, Barcelona Couch, Barcelona Table and the Flat Brno Chair in the United States Patent and Trademark Office.  In October of 2004, the United States Patent and Trademark Office issued the following registrations for the product configurations under Section 2(f) of the Lanham Act, 15 U.S.C. §1052(f), based on Knoll's assertion and claim that each of those configurations had acquired distinctiveness or secondary meaning:

> ▸    Registration No. 2,893,025 - - for the configuration of the Barcelona chair;

> ▸    Registration No. 2,894,977 - - for the configuration of the Barcelona ottoman;

> ▸    Registration No. 2,894,980 - - for the configuration of the Barcelona couch;

> ▸    Registration No. 2,894,979 - - for the configuration of the Barcelona table; and,

> ▸    Registration No. 2,894,978 - - for the configuration of the Flat Brno chair.

12.    On October 22, 2004, Knoll issued a press release announcing the federal registration of the product configurations for the Barcelona style furniture.  A copy of the October 22, 2004 press release is attached as **Exhibit 2**.  In that press release, Knoll made the following statements about the federal trademark registrations and its intended action:

- 4 -

infringement and unfair competition in connection with its sale of Barcelona style furniture manufactured by Casprini (*Knoll, Inc. v. Palazzetti Express, Inc.,* 04 CV 0881(LAK)).

15.     Casprini sells the Barcelona chair, Barcelona stool, Barcelona couch, Barcelona table, and the Flat Brno chair to Target S.r.l.  That company (Target S.r.l.) then supplies Arthur Gordon Associates, Inc. with the Barcelona chair, Barcelona stool, Barcelona couch and Barcelona table manufactured by Casprini.  Defendant Knoll, Inc. has sued Arthur Gordon Associates, Inc. in the U.S. District Court for the Southern District of New York for trademark and trade dress infringement and unfair competition in connection with its sale of Barcelona style furniture manufactured by Casprini (*Knoll, Inc. v. Arthur Gordon Associates, Inc.,* 04 CV 08800 (DLC)).

16.     Knoll's threatened action against Casprini and its customers in the above-noted October 22, 2004 press release, coupled with Knoll's lawsuit for trademark and trade dress infringement and unfair competition against Casprini's customers Palazzetti Express, Inc. and Arthur Gordon Associates, Inc., created an actual, substantial, and justiciable controversy between Knoll and Casprini concerning the latter's right to continue to export or distribute into the U.S., sell, and offer to sell reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table and Flat Brno Chair.

Tuesday, December 14, 2004 (2).max

## CLAIMS FOR RELIEF

### Count I
(Declaratory Judgment That Knoll's Trademark Registrations For The Furniture Designs Are Invalid Because The Product Designs Are Merely Decorative Or Ornamental Features And Not Trademarks)

17.     Casprini incorporates each of the allegations set forth in Paragraph Nos. 1-16, as though fully set forth and repeated herein.

18.     Casprini is damaged, and will be damaged, in both its business and its reputation by Knoll's false charges of unfair competition, trademark and trade dress infringement, and trademark dilution if the existing controversy between the parties concerning Casprini's manufacturing, importation, sale, offering for sale, advertising, and distribution of reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, Flat Brno Chair is not promptly adjudicated.

19.     Knoll does not have any valid proprietary rights in the designs of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, Flat Brno Chair because the design of those furniture pieces are merely decorative or ornamental features and, as such, they are neither trademarks, nor have they been used as trademarks by Knoll.

20.     Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to declaratory judgment that Casprini, and its related or subsidiary companies (Naos S.r.l., B.R.F. S.r.l., and Leatherform S.r.l.) have not violated any trademark or trade dress infringement, dilution, or unfair competition laws under Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§1114 and 1125(a) and (c)).

- 7 -

21.     Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to declaratory judgment that the following trademark registrations issued to Knoll are invalid because the subject matter of these registrations are not trademarks:

      a.      Registration No. 2,893,025 for the configuration of the Barcelona chair;

      b.      Registration No. 2,894,977 for the configuration of the Barcelona ottoman;

      c.      Registration No. 2,894,980 for the configuration of the Barcelona couch;

      d.      Registration No. 2,894,979 for the configuration of the Barcelona table; and,

      e.      Registration No. 2,894,978 for the registration of the flat Brno chair.

## COUNT II
(Declaratory Judgment That Knoll's Trademark Registrations For The Furniture Designs Are Invalid Because The Designs Are Functional)

22.     Casprini incorporates each of the allegations set forth in paragraph Nos. 1-21, as though fully set forth and repeated herein.

23.     Casprini is damaged, and will be damaged, in its business and its reputation by Knoll's false charges of unfair competition, and trademark and trade dress infringement, and trademark dilution if the existing controversy between the parties concerning Casprini's manufacturing, importation, sale, offering for sale, advertising, and distribution of reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, Flat Brno Chair is not promptly adjudicated.

- 8 -

24.     Knoll does not have any valid proprietary rights in the designs of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, Flat Brno Chair because the design of those furniture pieces are functional.

25.     Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to declaratory judgment that Casprini, and its related or subsidiary companies (Naos S.r.l., B.R.F. S.r.l., and Leatherform S.r.l.) have not violated any trademark or trade dress infringement, dilution, or unfair competition laws under Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§1114 and 1125(a) and (c)).

26.     Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to declaratory judgment that the following trademark registrations issued to Knoll are invalid because they are aesthetically functional:

        a.     Registration No. 2,893,025 for the configuration of the Barcelona chair;

        b.     Registration No. 2,894,977 for the configuration of the Barcelona ottoman;

        c.     Registration No. 2,894,980 for the configuration of the Barcelona couch;

        d.     Registration No. 2,894,979 for the configuration of the Barcelona table; and,

        e.     Registration No. 2,894,978 for the configuration of the flat Brno chair.

- 9 -

**COUNT III**

(Declaratory Judgment That Knoll's Trademark Registrations For The Furniture Designs Are Invalid Because The Designs Have Not Acquired Distinctiveness Or Secondary Meaning)

27.   Casprini incorporates each of the allegations set forth in paragraph Nos. 1-26, as though fully set forth and repeated herein.

28.   Casprini is damaged, and will be damaged, in its business and its reputation by Knoll's false charges of unfair competition, trademark and trade dress infringement, and trademark dilution if the existing controversy between the parties concerning Casprini's manufacturing, importation, sale, offering for sale, advertising, and distribution of reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, Flat Brno Chair is not promptly adjudicated.

29.   Knoll does not have any valid propriety rights in the designs of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, Flat Brno Chair, because the design of those pieces of furniture have not acquired distinctiveness or secondary meaning pointing uniquely and exclusively to one source, namely, Knoll.

30.   Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to declaratory judgment that Casprini, and its related or subsidiary companies (Naos S.r.l., B.R.F. S.r.l., and Leatherform S.r.l.) have not violated any trademark or trade dress infringement, dilution, or unfair competition laws under Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§1114 and 1125(a) and (c)).

34.    In each application for the registration of the product design at issue, Knoll made the following statement: "The mark **has become distinctive by reason of substantially exclusive** and continuous **use in interstate commerce by applicant** and its predecessor in interest as to the rights herein claimed in connection with the goods listed in the application for at least five (5) years preceding the date of this application (emphasis added)." The applications were filed on October 22, 2003.

35.    In the Declaration supporting each application for the registration of its product designs at issue, Carl G. Magnusson, Executive Vice President and Director of Design for Knoll, stated the following: "[t]hat to the best of my knowledge and belief, no other person, firm, corporation or association has the right to use said mark in commerce . . . . " The Declarations were signed on September 30, 2003.

36.    At the time the aforementioned Declarations were signed and the aforementioned applications were filed, there was extensive third-party usage of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, and Flat Brno Chair designs.

37.    At the time the aforementioned Declarations were signed and the aforementioned applications were filed, Knoll knew, or reasonably should have known, that there was extensive third-party usage of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, and Flat Brno Chair designs.

38.    The aforementioned third-parties, including Casprini and its companies, had legal rights that were at least equivalent to those of Knoll to manufacture, import, sell, offer for sale, advertise, and distribute the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, and Flat Brno Chair designs.

- 12 -

39.     Knoll know, or reasonably should have known, that the third-parties, including Casprini, had rights that were at least equivalent to those of Knoll to manufacture, import, sell, offer for sale, advertise, and distribute the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, and Flat Brno Chair and had no reasonable basis for believing otherwise.

40.     In failing to disclose to the United States Patent and Trademark Office those third-parties, as well as Casprini and its companies, with rights equivalent to those of Knoll to manufacture, import, sell, offer for sale, advertise, and distribute the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, and Flat Brno Chair, Knoll made a material misrepresentation-by-omission that was intended to procure trademark registrations to which Knoll was not entitled.

41.     Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to declaratory judgment that the following trademark registrations issued to Knoll are invalid because they were obtained as a result of knowingly false and material misrepresentations made by Knoll during the prosecution of its trademark applications:

      a.    Registration No. 2,893,025 for the configuration of the Barcelona chair;

      b.    Registration No. 2,894,977 for the configuration of the Barcelona ottoman;

      c.    Registration No. 2,894,980 for the configuration of the Barcelona couch;

      d.    Registration No. 2,894,979 for the configuration of the Barcelona table; and,

      e.    Registration No. 2,894,978 for the configuration of the flat Brno chair.

- 13 -

## COUNT V

(Declaratory Judgment That Knoll Is Estopped By Laches And Acquiescence From Asserting Any Claims Of Trademark Or Trade Dress Infringement, Dilution, Or Unfair Competition)

42.     Casprini incorporates each of the allegations set forth in paragraph Nos. 1-41, as though fully set forth and repeated herein.

43.     Casprini is damaged, and will be damaged, in its business and its reputation by Knoll's false charges of unfair competition, trademark and trade dress infringement, and trademark dilution if the existing controversy between the parties concerning Casprini's importation, sale, offering for sale, advertising, and distribution of reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table and Flat Brno Chair is not promptly adjudicated.

44.     Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to a declaratory judgment that Knoll is estopped by laches and/or acquiescence from asserting that Casprini has violated any trademark or trade dress infringement, dilution, or unfair competition laws under Sections 32, 43(a) and 43(c) of the Lanham Act (15 U.S.C. §§1114, and 1125(a) and (c)).

## COUNT VI

(Declaratory Judgment That Knoll Has Abandoned Any Trademark Or Trade Dress Rights In The Design Of The "Barcelona" Style Furniture Designed By Mies van der Rohe)

45.     Casprini incorporates each of the allegations set forth in paragraph Nos. 1-44, as though fully set forth and repeated herein.

46.     Casprini is damaged, and will be damaged, in its business and its reputation by Knoll's false charges of unfair competition, trademark and trade dress infringement, and

- 14 -

trademark dilution if the existing controversy between the parties concerning Casprini's manufacturing, importation, sale, offering for sale, advertising, and distribution of reproductions of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, Flat Brno Chair is not promptly adjudicated.

47.    On information and belief, the public does not associate the design of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, or Flat Brno Chair with only Knoll because of the widespread third-party use of those designs. For a number of years, Knoll knew of that widespread third-party use of the "Barcelona" style furniture designs, yet took no action to halt such usage. Knoll's long tolerance of extensive widespread third-party use of the designs of the Barcelona Chair, Barcelona Stool, Barcelona Couch, Barcelona Table, and Flat Brno Chair produced and/or sold by many other manufacturers and retailers has resulted in the weakening of Knoll's alleged trademark and trade dress to the extent that those designs no longer serve to identify their origin or source to consumers. Accordingly, Knoll has, by its acts of omission, abandoned any trademark rights it had, or may have had, in the aforesaid designs.

48.    Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to declaratory judgment that Casprini, and its related or subsidiary companies (Naos S.r.l., B.R.F. S.r.l., and Leatherform S.r.l.), have not violated any trademark or trade dress infringement, dilution, or unfair competition laws under Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§1114 and 1125(a) and (c)).

49.    Pursuant to 28 U.S.C. §§2201 and 2202, Casprini is entitled to declaratory judgment that the following trademark registrations issued to Knoll are invalid because the alleged marks have been abandoned:

- 15 -

(d)    That the Court grant Casprini such other and further relief
as the Court deems just and appropriate.

Dated:    New York, New York                    **JANVEY, GORDON, HERLANDS,**
December 13, 2004                                **RANDOLPH & COX, L.L.P.**
Attorneys for Plaintiff
Casprini Gruppo Industriale Spa

By:    _____
David P. Rubinstein (DR-7166)
Of Counsel
355 Lexington Avenue, 10th Floor
New York, New York  10017-6603
Tel:    (212) 986-1200
Fax:    (212) 983-0772

***OF COUNSEL:***

Samuel D. Littlepage, Esq.
Marc A. Bergsman, Esq.
Nicole M. Meyer, Esq.
**Dickinson Wright PLLC**
1901 "L" Street, N.W., Suite 800
Washington, D.C.  20036-3506
Tel:    (202) 457-0160
Fax:    (202) 659-1559

- 17 -